CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP - 3 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES L. JACK,<br>    Plaintiff, | ) <br>) <br>) | Civil Action No. 7:14-cv-00560 |
| v. | ) <br>) | **MEMORANDUM OPINION** |
| CONNIE C. SMITH, <u>et al.</u>,<br>    Defendants. | ) <br>) <br>) | By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge |

James L. Jack, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Connie C. Smith, the Sheriff of Rappahannock County; Sheriff's Deputy Daniel J. Stevens; and Richard "Bubby" Settle, owner of Settle's Garage. Plaintiff alleges that Sheriff Smith and Deputy Stevens caused his unlawful arrest and imprisonment and that Settle unlawfully converted his property. Defendants filed motions to dismiss and for summary judgment, and the time for Plaintiff to respond expired, making the matter ripe for disposition. After reviewing Plaintiff's submissions, I deny Settle's motion to dismiss and grant Sheriff Smith and Deputy Stevens' motion for summary judgment.

I.
A.

Plaintiff alleges the following facts. On January 26, 2013, Deputy Stevens performed a traffic stop on Plaintiff's van because it displayed "Farm Use" license plates. Deputy Stevens searched the vehicle and Plaintiff's person, and for an unspecified reason, took Plaintiff to jail. At the request of Deputy Stevens, Settle towed Plaintiff's van to an impound yard. Unfortunately for Plaintiff, the van contained his business tools and other unspecified personal belongings. Plaintiff tried "numerous times" to retrieve his equipment from Settle without success, and Settle sent Plaintiff's van to auction with Plaintiff's personal property still inside the van. Plaintiff requests $1,000,000 and "whatever the jury sees proper."

B.

In support of his motion for summary judgment, Deputy Stevens avers the following facts. Deputy Stevens was required to have Plaintiff's van impounded under Virginia Code § 46.2-301.1 because Deputy Stevens arrested Plaintiff for driving on a revoked license. Deputy Stevens called dispatch to have a towing company take Plaintiff's vehicle, and he took "inventory photos" of the van's contents. During this time, Settle arrived and, with Deputy Stevens' permission, towed Plaintiff's van to Settle's impound yard. As a result of the traffic stop, Plaintiff pleaded guilty to driving while drinking and driving while on a suspended license, third offense, and was sentenced to 200 days' incarceration with 110 days suspended.[1]

II.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.

---

[1] In consideration for the guilty pleas, the Commonwealth nolle prossed charges of possession of schedule IV drug and failure to obtain registration, both of which had also resulted from the traffic stop.

2

2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Liberally construed, Plaintiff argues that Settle violated due process guaranteed by the Fourteenth Amendment when Settle converted his personal property under color of law by seizing Plaintiff's van pursuant to Virginia Code § 46.2-301.1 in agreement with the Sheriff's Office. Viewing the complaint and its inferences in a light most favorable to Plaintiff, the allegation that Settle seized Plaintiff's tools under color of state law must be resolved by a motion for summary judgment with a more developed record. See, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 923, 937-39 (1982). Settle argues, like Sheriff Smith and Deputy Stevens, that no claim about a constitutional deprivation can be pursued due to Heck v. Humphrey, 512 U.S. 477 (1994), and Plaintiff's convictions. However, the fact that Plaintiff was convicted of the crimes can coexist with a finding that Settle unlawfully converted Plaintiff's personal property without due process.[2] Accordingly, the arguments Settle raises in his motion to dismiss are not persuasive, and consequently, the motion to dismiss must be denied.

---

[2] There was no argument as to whether an adequate state remedy existed. See, e.g., Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 538-39 (1981) (overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

3

## III.

Sheriff Smith is entitled to summary judgment.[3] Plaintiff does not allege any personal act or omission by Sheriff Smith, and Sheriff Smith cannot be liable under the theory of respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Furthermore, Plaintiff cannot recover damages in this action against Deputy Stevens for the allegedly unconstitutional acts that caused his convictions without first having those convictions reversed, expunged, or called into question by a writ of habeas corpus. Heck, 512 U.S. at 486-87. Success on Plaintiff's claims about the legality of the traffic stop clearly would imply the invalidity of his current confinement because he essentially argues that all incriminating evidence was "fruit" of the allegedly "illegal" stop by Deputy Stevens. See, e.g., Wong Sun v. United States, 371 U.S. 471, 488 (1963). In other words, Plaintiff argues that, if it were not for Deputy Stevens' alleged unlawful acts depriving Plaintiff of his constitutional rights, Plaintiff would not have been prosecuted and convicted. Because Plaintiff cannot prove favorable termination of the convictions, his claims against Deputy Stevens must be dismissed without prejudice as barred by Heck. See Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs).

---

[3] A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23.

## IV.

For the foregoing reasons, I deny Settle's motion to dismiss, grant Sheriff Smith's motion for summary judgment, dismiss the claims against Deputy Stevens without prejudice, and direct Settle to file a motion for summary judgment.

**ENTER**: This 3rd day of September, 2015.

                                                  Senior United States District Judge