CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB - 9 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES L. JACK, | ) | Civil Action No. 7:14-cv-00560 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CONNIE C. SMITH, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

James L. Jack, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to

42 U.S.C. § 1983, naming a business owner and law enforcement officers as defendants. The

law enforcement officers have been dismissed from the case, and the remaining defendant, the

business owner, filed a motion for summary judgment. The next day, the Clerk issued a Notice

that advised Plaintiff that a motion for summary judgment was filed and that Plaintiff had

twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that
> Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the
> Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to
> continue with the case, it is necessary that Plaintiff respond in an appropriate
> fashion . . . . However, if Plaintiff does not file some response . . ., the Court may
> dismiss the case for failure to prosecute.

Notice (ECF no. 30) (original emphasis).

Despite receiving two extensions of time, Plaintiff did not respond to the motion for

summary judgment or as required by the Notice, and the Notice was not returned to the court as

undeliverable. Pursuant to the Notice, I find that Plaintiff has failed to prosecute this case.

Accordingly, the complaint is dismissed without prejudice as against the remaining defendant for

Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are

denied without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)

("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER**: This 9th day of February, 2016.

Senior United States District Judge